## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: Andrew Siegel | ) | Case No. |
| | ) | |
| Plaintiff | ) | COMPLAINT |
| | ) | |
| | ) | **Judge:** |
| | ) | |
| | ) | **Magistrate:** |
| v. | ) | July Demand Requested |
| | ) | |
| Credit Corp. Solutions | ) | |
| 121 W. Election Road, Suite 200 | ) | |
| Draper, UT 84020 | ) | |
| | ) | |
| | ) | |
| Defendant | ) | |

_____

Now comes Plaintiffs, by and through his attorneys, and, for his Complaint alleges as follows:

### INTRODUCTION

1. Plaintiffs, Andrew Siegel, brings this action to secure redress from unlawful collection practices engaged in by Defendant, Wakefield & Associates. Plaintiffs allege violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits any false, misleading or deceptive threats in connection with the collection of a debt 15 U.S.C. Section 1692e.

3. A debt collection may not imply outcomes that are not legally able to come to pass. *Lox v. CDA, Ltd.*, 689 F.3d 818, 825 (7th Cir. 2012)

4. The Seventh Circuit has stated that "[w]hen language in a debt collection letter can reasonably be interpreted to imply that the debt collector will take action it has no intention or ability to undertake, the debt collector that fails to clarify that ambiguity does so at its peril." *Lox v. CDA, Ltd.*, 689 F.3d 818, 825 (7th Cir. 2012) (citing *Gonzales*

*v. Arrow Financial Services,LLC, 660 F.3d 1055*, 1063 (9th Cir. 2011)).

## JURISDICTION AND VENUE

5. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(d).
6. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## STANDING AND INJURY

7.Plaintiffs have suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

8. Specifically, Plaintiffs suffered a concrete informational injury as a result of Defendant's failure to provide truthful information in connection with its attempt to collect an alleged debt from Plaintiff.
9. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

## PARTIES

10. Plaintiff, Andrew Siegel (hereinafter "Plaintiff") incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").
11. The Plaintiff's name is Andrew Siegel.
12. Plaintiff is a resident of the State of Illinois.
13. Defendant, Credit Corp Solutions ("Defendant"), is a Utah business entity with an address of 121 W. Election Road, Suite 200, Draper, UT 84020 operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).
14. Unless otherwise stated herein, the term "Defendant" shall refer to Credit Corp Solutions.

15. At some point, the original creditor, transferred this debt to Defendant for debt collection.

**ALLEGATIONS**

16. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $1329.03 (the "Debt") to an original creditor (the "Creditor")
17. The Debt was purchased, assigned or transferred to Defendant for collection, or Defendant was employed by the Creditor to collect to Debt.
18. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. Section 1692a(2).
19. On October 21, 209, Defendant mailed Plaintiff an initiial collection letter. See Exhibit.
20. Plaintiff received this letter on or about October 26, 2019.
21. Said letter opens with "[N]otice is hereby given that on 09/19/19 all rights, title and interest in the above listed debt have been assigned to Credit Corp Solutions, Inc. This Notice refers to the amount due and claimed herein on the above account." See Exhibit.
22. The amount due is listed as "$1,329.03.
23. On back of the letter it states "[W]e may report to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected on your credit report." See Exhibit.
24. The statement in paragraph 25 is not legally possible as this is charged off date with no set payments that can be "missed" or "late."
25. Furthermore, there are no "other defaults" that can happen on the account.
26. In addition to suggesting outcomes that can not legally come to pass, Defendant has overshadowed Plaintiff's rights under 15 U.S.C. Section 1692g(a) by stating "late payments" could be

reported to the credit bureau.

**VIOLATIONS OF THE FDCPA-15 U.S.C. SECTION 1692, et seq.**

27. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
28. The Defendant's conduct violated 15 U.S.C. Section 1692e in that the Defendant materially misled Plaintiff through this communication.
29. The Defendant's conduct violated 15 U.S.C. Section 1692e in that Defendant misrepresented the character of the debt.
30. The Defendant's conduct violated 15 U.S.C. Section 1692e by suggesting outcomes that could not legally come to pass.
31. The Defendant's conduct violated 15 U.S.C. Section 1692g by overshadowing his rights under said Code Section.
32. Plaintiff is entitled to damages as a result of Defendants' violations.

**JURY DEMAND**

33. Plaintiff demands a trial by jury.

**PRAYER FOR RELIEF**

34. Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:
(1) Statutory damages;

(2) Attorney fees, litigation expenses and costs of suit; and

(3) Such other and further relief as the Court deems proper.

Respectfully submitted,
/s/ John Carlin
John P. Carlin #6277222
Suburban Legal Group, LLP
1305 Remington Rd., Ste. C
Schaumburg, IL 60173
jcarlin@suburbanlegalgroup.com
Attorney for Plaintiff